UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RENARDO WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:14-cv-539-NT |
| | ) |
| DAVID J. CUTLER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before me is Defendant Dennis Shipman's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 48). For the reasons stated below, the motion is **GRANTED**.

BACKGROUND

Plaintiff Renardo Williams is a prisoner incarcerated at the Maine Correction Center ("**MCC**") in Windham, Maine. Dennis Shipman, one of the Defendants in this matter, is the grievance review officer at MCC. This lawsuit arises out of an incident that occurred when Williams was an inmate at the Maine State Prison ("**MSP**") in Warren, Maine. Pl.'s Statement of Additional Facts ¶ 8 ("**PSAF**") (ECF No. 50). Williams claims he was assaulted by Defendant David Cutler,[1] an MSP captain, on December 24, 2012. *See* PSAF ¶¶ 8-9; Am. Compl. ¶ 16 (ECF No. 23). Williams later

---

[1] Cutler, the remaining named defendant in this case, has not moved for summary judgment.

filed grievances with the Maine Department of Corrections ("**DOC**") regarding the assault. PSAF ¶¶ 10-13. These grievances were denied by the DOC. PSAF ¶¶ 11-13.

In January of 2013, Williams was moved from MSP to MCC. PSAF ¶ 14. In the Spring of 2013, Williams learned about a secret "watch list" that the DOC used to monitor trouble-prone inmates. PSAF ¶ 16. Inmates on the "watch list" are subject to additional searches and interference with their mail. PSAF ¶ 16. On April 16, 2013, Williams filed a grievance with Shipman to complain about being placed on the "watch list." Def.'s Statement of Fact ¶ 2 ("**DSF**") (ECF No. 49). On April 24, 2013, Shipmen sent Williams a memo advising that the DOC would not tell him why he was placed on the "watch list." PSAF ¶ 18. Shipman also dismissed the grievance as untimely because Williams was first affected by the "watch list" more than 15 days before filing his grievance.[2] PSAF ¶ 18.

## LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008) (citation omitted). A fact is material if it can impact the outcome of the case. *Johnson v. Univ. of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013). When considering a motion for summary judgment, courts

---

[2] The DOC's "grievance policy requires a prisoner to file a grievance within 15 days of the event or occurrence giving rise to the grievance or within 15 days of when the prisoner is first affected by any policy, practice or condition of confinement." Def.'s Statement of Fact ¶ 4 ("**DSF**") (ECF No. 49).

construe the record in the light most favorable to the non-movant and resolve all reasonable inferences in the non-movant's favor. *Burns v. Johnson*, 829 F.3d 1, 8 (1st Cir. 2016). But "[a] properly supported motion for summary judgment cannot be defeated by relying upon improbable inferences, conclusory allegations, or rank speculation." *Rathbun v. Autozone, Inc.*, 361 F.3d 62, 66 (1st Cir. 2004).

## DISCUSSION

In Count Two of his Amended Complaint, Williams claims that Shipman put him on the "watch list" at MCC in retaliation for filing grievances against Cutler. Am. Compl. ¶¶ 37, 39. Williams also alleges that Shipman denied his grievance as untimely in retaliation for filing grievances against Cutler. Am. Compl. ¶¶ 35-36. In evaluating Shipman's motion to dismiss, I concluded that Williams engaged in protected conduct by filing grievances regarding Cutler. Order on Defs.' Mot. to Dismiss 12 (ECF No. 38). I also found that Williams plausibly alleged that he suffered an adverse action because "being subjected to increased searches and interference with mail might deter a reasonably hearty inmate from exercising his constitutional rights." Order on Defs.' Mot. to Dismiss 13. But now that discovery has ended, Williams concedes that he has been unable to obtain evidence showing that Shipman was involved in the decision to place him on the "watch list." Pl.'s Opp'n to Def.'s Mot. for Summ. J. 1 ("**Pl.'s Opp'n**") (ECF No. 51). The question, then, is whether Williams

can sustain a First Amendment retaliation claim based only on Shipman's denial of the grievance.[3]

## I. Overview

"It is well-settled that 'retaliation against a prisoner's exercise of constitutional rights is actionable' under § 1983." *LeBaron v. Spencer*, 527 F. App'x 25, 32 (1st Cir. 2013) (quoting *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011)). But "because prisoner claims of retaliation are 'easily fabricated and pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration,' such claims must be based on facts, not on 'gossamer strands of speculation and surmise.'" *Id.* (quoting *Hannon*, 645 F.3d at 48). To survive summary judgment on a First Amendment retaliation claim, "a prisoner must make out a prima facie case by adducing facts sufficient to show that he engaged in a protected activity, that the state took an adverse action against him, and that there is a causal link between the former and the latter." *Hannon*, 645 F.3d at 48.

An adverse action must be "more than de minimis," which means that "it 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Pope v. Bernard*, No. 10-1443, 2011 WL 478055, at *2 (1st Cir. Feb. 10, 2011) (per curiam) (quoting *Morris v. Powell*, 449 F.3d 682, 685 (5th Cir. 2006)). In

---

[3] The Plaintiff's retaliation claim states that his placement on the "watch list" and the denial of his grievance violated his "due process rights under the First, Fourth, and Fourteenth Amendments." Am. Compl. ¶ 40 (ECF No. 23). Neither party has mentioned anything other than the First Amendment in their briefing on the motion to dismiss or the motion for summary judgment. Any Fourth Amendment claim is gone since the only adverse action at issue now is the denial of a grievance (not the searches resulting from the "watch list"). And in terms of due process rights, the denial of a grievance is "not actionable as a due process violation." *Machiavelli v. Abbott*, No. 1:15-CV-00340, 2015 WL 8601352, at *3 (D. Me. Sept. 16, 2015).

analyzing whether an action was sufficiently adverse, "the court's inquiry must be tailored to the different circumstances in which retaliation claims arise, bearing in mind that [p]risoners may be required to tolerate more . . . than average citizens, before a [retaliatory] action taken against them is considered adverse." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (citation omitted). "Adverse acts will be considered de minimis when they 'cause an inmate only a few days of discomfort, impose a [single] minor sanction, or impose an otherwise constitutional restriction on the inmate.*" Horstkotte v. Comm'r, N.H. Dep't of Corr.*, No. 08-285, 2010 WL 1416790, at *3 (D.N.H. Apr. 2, 2010) (quoting *Starr v. Dube*, 334 F. App'x 341, 342 (1st Cir. 2009) (per curiam)). For example, "the filing of a disciplinary charge carrying potentially severe sanctions" that is later dismissed after a hearing does not constitute an adverse action. *Starr*, 334 F. App'x at 343. Neither do certain verbal threats, *Ellis v. Meade*, 887 F. Supp. 324, 329 (D. Me. 1995), searching an inmate's cell, *Pope*, 2011 WL 478055, at *2, or denying access to a gym. *Carter v. Hillsborough Cty. Dep't of Corr.*, No. 13-275-JL, 2013 WL 6327993, at *2 (D.N.H. Dec. 5, 2013). But transferring an inmate from a medium-security prison in one state to a maximum-security prison in another may. *Hannon*, 645 F.3d at 49. With these thoughts in mind, I turn to Williams's retaliation claim.

**II.    Analysis**

Shipman is entitled to summary judgment because the purported adverse act is de minimis. As Williams concedes, the record is devoid of any evidence suggesting that Shipman participated in the decision to place Williams on the "watch list." Accordingly, Shipman cannot be liable for the consequences stemming from that

decision.4 And there is no evidence indicating that Shipman was involved with the grievances that were denied at MSP. Shipman's role in this case is thus limited to his denial of a single grievance at MCC. Based on these facts, Williams's retaliation claim fails because the denial of a single grievance is de minimis.5 In other words, Shipman's denial of the grievance—standing alone—would not deter an inmate of ordinary firmness from continuing to exercise his First Amendment rights.

The conclusion that the denial of a single grievance is de minimis flows naturally from the case law within this circuit. *See Pope*, 2011 WL 478055, at \*2 (search of inmates cell and seizure of property was de minimis); *Starr*, 334 Fed. App'x at 342 (filing of a later-dismissed disciplinary charge against inmate harboring potentially severe sanctions was de minimis). And, outside of this circuit, courts that have confronted the issue have held that "[t]he denial of grievances is not an 'adverse action' for retaliation purposes." *Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015) (pur curiam); *see also Dicey v. Hanks,* No. 2:14-2018-JAM/AC, 2015 WL 4879627, at \*5 (E.D. Cal. Aug. 14, 2015) ("[T]he denial of a grievance neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter an prisoner of ordinary firmness from further First Amendment activities."); *Ross v.*

---

4     In this district, it is well-established that "[a]n officer's mere denial of a grievance does not establish that the officer is liable for the underlying deprivation." *Anctil v. Fitzpatrick*, No. 1:16-00107, 2016 WL 6205755, at \*10 (D. Me. Oct. 24, 2016) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)); *see also Worthley v. Roberts*, No. 2:15-207, 2015 WL 4139647, at \*3 (D. Me. July 9, 2015) ("[O]fficers who have merely participated in the review and denial of a prisoner's grievance, but who were not involved in the incident that is the subject of the grievance, ordinarily are not subject to liability under federal civil rights law.").

5     That does not necessarily mean, though, that repeated denials of grievances or denials coupled with additional facts would be considered de minimis.

6

*Westchester Cty. Jail,* No. 10-3937, 2012 WL 86467, at *8 (S.D.N.Y. Jan. 11, 2012) ("A refusal to file a single grievance is not the kind o[f] retaliatory act which [would] deter a prisoner of 'ordinary firmness' from filing other grievances."); *Gordon v. Bertsch*, No. 1:15-026, 2015 WL 10319307, at *9 (D.N.D. Oct. 30, 2015) (collecting cases holding that the denial of an inmate grievance is not "sufficiently adverse"). Based on the record before me, Shipman is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Shipman's motion for summary judgment. (ECF No. 48).

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 10th day of November, 2016.